**Opinion issued August 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00449-CR

———————————

**JOSEPH ANTHONY ANDERSON, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case No. 19DCR0521**

---

## MEMORANDUM OPINION

Appellant, Joseph Anthony Anderson, III, pleaded guilty to one count of the offense of aggravated sexual assault of a child without an agreed recommendation as to punishment. *See* TEX. PENAL CODE § 22.021. In conjunction with Anderson's plea of guilty to Count III of the indictment, the State agreed to abandon Counts I and II. Although there was no agreed recommendation for sentencing, the State

recommended 25 years in the Texas Department of Criminal Justice and Anderson requested deferred adjudication. After a pre-sentencing hearing, the trial court signed a judgment of conviction on August 12, 2021 and sentenced Anderson to 12 years in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Anderson's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State's brief was originally due on March 24, 2022, but despite notices that the brief was late, the State did not file a brief or waiver.

Counsel advised Anderson of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Anderson of his right to file a pro se response to the *Anders* brief. Anderson did not request access to the record or file a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Dan P. Bradley must immediately send Anderson the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).